UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAUREAN PROCH,<br><br>    Plaintiff,<br><br>v.<br><br>MAT KING, *Sheriff*, et al.,<br><br>    Defendants. | Case No.  22-12141<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS [48],
ADOPTING THE REPORT AND RECOMMENDATION [35],
DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION [16],
AND DENYING PLAINTIFF'S APPLICATION TO
APPOINT COUNSEL [3]**

Taurean Proch filed this lawsuit under 42 U.S.C. § 1983 alleging that the St. Clair County Jail instituted a "de facto ban on inmates receiving correspondence" in violation of their First and Fourteenth Amendment rights. (ECF No. 1.) After granting Proch in-forma-pauperis status, the Court referred the case to Magistrate Judge Patricia T. Morris. (ECF Nos. 5, 11, 13.)

In time, Proch filed a motion for class certification, seeking to serve as a class representative and class counsel for "all persons detained [in] the St. Clair County Jail" since August 2022. (ECF No. 16, PageID.104.) Magistrate Judge Morris considered Proch's motion and recommended that it be denied. (*See generally* ECF No. 35.) Proch objected (ECF No. 48), and Defendants responded (ECF Nos. 49, 50). In addition to seeking class certification, Proch filed an application to appoint counsel

for himself as an individual. (ECF No. 3.) The objections and the motion are now before the Court.

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II.

Before certifying a class action, Federal Rule of Civil Procedure 23(a)(4) requires the Court to find that the "representative parties will fairly and adequately protect the interests of the class." The representative parties' ability to protect the interests of the class "depends in part on the quality of counsel." *Heard v. Caruso*, 351 F. App'x 1, 15 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)). That, in turn, includes consideration of "whether class counsel [is]

qualified, experienced and generally able to conduct the litigation." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 543 (6th Cir. 2012).

For two reasons, Magistrate Judge Morris found that Proch failed to satisfy Rule 23(a)(4) despite his having worked as a paralegal. (*See* ECF No. 35.) First, she found that Proch did not demonstrate the necessary legal experience or competency to adequately represent the class. (*Id.* at PageID.252.) And she concluded that his incarceration would significantly impede his ability to adequately represent the class. (*Id.* at PageID.253.)

Proch filed two objections. (ECF No. 48.)

First, because he was recently released from the jail, Proch argues that the "primary" reason to deny his motion has been resolved. (ECF No. 48, PageID.403.) But that was not the primary reason the magistrate judge relied on. Instead, she found that, even assuming a paralegal could act as class counsel, "the Court knows nothing about Proch's education and experience as a paralegal" that would suggest that he is qualified to do so. (ECF No. 35, PageID.252–253.) And Proch's objection says nothing about this conclusive finding. (*See generally* ECF No. 48.) Indeed, he apparently concedes his lack of qualifications: "Plaintiff may not possess the experience and skills necessary to singlehandedly represent the proposed class[.]" (*Id.* at PageID.404.) So Proch's release from prison does not change the calculus on Rule 23(a)(4). *See also See Alexander v. Whitmer*, No. 23-cv-6, 2023 U.S. Dist. LEXIS 45752, at *7 (W.D. Mich. Mar. 17, 2023) ("It is well established that pro se [prisoner]

3

litigants are 'inadequate class representatives.'") (citing cases). The first objection will be overruled.

Second, Proch "urges" the Court to appoint other class counsel. (ECF No. 48, PageID.404.) He cites Rule 23(g) for its power to do so. (*Id.*) But, as Defendants point out, "Rule 23 does not provide any basis for the appointment of counsel in this purported class action." (ECF No. 49, PageID.407; ECF No. 50, PageID.424 (quoting *Searcy v. Macomb Cnty. Jail*, No. 2:10-CV-11242, 2012 WL 1230553, at *4 (E.D. Mich. Jan. 31, 2012)).) As one court explained: "the purpose of Rule 23(g) is not to enable pro se plaintiffs to obtain recruited counsel in conjunction with class certification; the purpose of the rule is to ensure that the *proposed* class counsel is adequate. . . . Indeed, a court's decision to certify a class must *precede* the appointment of class counsel." *Thompson v. Wilkie*, 30 Vet. App. 345, 347 (2018) (cleaned up) (citing *Sheinberg v. Sorensen*, 606 F.3d 130, 132 (3d Cir. 2010) and *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) (per curiam)). So the Court declines to appoint class counsel and overrules this objection, too.

### III.

But that does not end the matter. Proch also filed an application to appoint counsel for himself as an individual. (ECF No. 3.) He argues that he needs counsel because he is indigent, because Defendants have "stonewalled" him by limiting his mail, and because this case is so complex as to require counsel. (*Id.* at PageID.34–35.)

The Court declines to appoint counsel. "Appointment of counsel in a civil case is not a constitutional right." *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

4

Indeed, it is "the rare civil case in which a court must provide a party an attorney, and only 'exceptional circumstances' require deviating from this rule." *See Cavin v. Mich. Dep't of Corr.*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d at 606). The decision to appoint counsel is within the discretion of the court, and courts should appoint counsel only when the interests of justice or due process so require. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam).

This is not an extraordinary case requiring the appointment of counsel. For one, "indigence alone . . . is not an exceptional circumstance." *Buchanan v. Lee*, 618 F. Supp. 3d 707, 712 (M.D. Tenn. 2022). For two, Defendants can no longer "stonewall" Proch or otherwise interfere with this case, as he was recently released from the jail. For three, though Proch is not qualified to serve as class counsel, he has worked as a paralegal and has competently prosecuted his case to this point. *See Boussum v. Washington*, — F.Supp.3d —, No. 1:22-CV-12232, 2023 WL 112460, at *2 (E.D. Mich. Jan. 5, 2023) (denying counsel to prisoner who had experience as a paralegal). And finally, the Court does not believe that this case is so complex that it is beyond his abilities. *See, e.g.*, *Montgomery v. Whidbee*, 446 F. Supp. 3d 306, 319 (M.D. Tenn. 2020) (finding that case alleging that prison officials wrongfully prevented inmate from voting in violation of his due process rights was not so complex as to require the appointment of counsel). This is especially true as Proch will only be representing himself. So Proch's motion for appointment of counsel will be denied. (ECF No. 3.)

5

## IV.

In sum, the Court OVERRULES Proch's objections (ECF No. 48), ADOPTS Magistrate Judge Morris' recommendation in full (ECF No. 35), and DENIES Proch's motion for class certification (ECF No. 16). And the Court DENIES Proch's application to appoint counsel. (ECF No. 3.)

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE