UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN PROCH,

    Plaintiff,

v.

MAT KING, *Sheriff*, et al.,

    Defendants.

Case No. 22-12141
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

---

**ORDER ADOPTING REPORT AND RECOMMENDATION [55]
AND DENYING INJUNCTIVE RELIEF AND
PRELIMINARY INJUNCTION [4]**

---

Taurean Proch filed this lawsuit under 42 U.S.C. § 1983 alleging that the St. Clair County Jail instituted a "de facto ban on inmates receiving correspondence" in violation of their First and Fourteenth Amendment rights. (*See* ECF No. 1.) After granting Proch in-forma-pauperis status, the Court referred this case to Magistrate Judge Patricia T. Morris. (ECF Nos. 5, 11, 13.)

In time, Proch moved for a preliminary injunction to enjoin the jail's mail policy. (ECF No. 4.) Magistrate Judge Morris thoroughly considered the motion and ultimately recommended that the Court sua sponte dismiss Proch's claims for injunctive relief without prejudice and deny Proch's motion for a preliminary injunction in its entirety. (ECF No. 55, PageID.450.)

At the conclusion of her Report and Recommendation, Magistrate Judge Morris notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d). (ECF No. 55, PageID.450.) And she warned that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (*Id.*) That date has long since come and gone, and no objections were filed.

Accordingly, the Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution. *Id.*

The Court concludes that the parties have waived review of the Magistrate Judge's report and ACCEPTS her recommended disposition. (ECF No. 55.) Proch's

claims for injunctive relief are DENIED without prejudice, and Proch's motion for a preliminary injunction is DENIED. (ECF No. 4.)

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson<br>
LAURIE J. MICHELSON<br>
UNITED STATES DISTRICT JUDGE