UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN PROCH,

    Plaintiff,

v.

MAT KING,
D. FLEMING,
R. OLEJINK,
K. ADAMS, and
SECURUS TECHNOLOGIES, INC.,

    Defendants.

Case No. 22-12141
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER
SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [58],
REJECTING IN PART THE REPORT AND RECOMMENDATION [56],
DENYING WITHOUT PREJUDICE SECURUS' MOTION TO DISMISS
[31], AND GRANTING PLAINTIFF LIMITED DISCOVERY**

Taurean Proch filed this pro se lawsuit under 42 U.S.C. § 1983 alleging that the St. Clair County Jail instituted a "de facto ban on inmates receiving correspondence" in violation of their First and Fourteenth Amendment rights. (ECF No. 1.) In particular, Proch cites a jail policy where, with limited exception, "only plain postcards are accepted by the facility . . . [and] anything else will be returned to sender." (ECF No. 9, PageID.55.) At the same time, says Proch, certain officers at the jail entered into a "pay-to-play extortion strategy" with Defendant Securus Technologies. (ECF No. 1, PageID.6.) Securus is an electronic tablet provider that charges fees to inmates to send and receive electronic messages and photographs. (*Id.*) The alleged scheme went as follows: the Jail Defendants instituted the postcard-

only policy to discourage inmates from using the United States Postal Service and to force them onto Securus' tablets, which charge much higher fees for sending and receiving correspondence than USPS does. (*Id.* at PageID.6–7.) And, apparently, those fees were split between the Jail Defendants and Securus. (*Id.*) After granting Proch in-forma-pauperis status, the Court referred the case to Magistrate Judge Patricia T. Morris for all pre-trial proceedings. (ECF Nos. 5, 11, 13.)

After being served, Securus filed a motion to dismiss and to enforce the arbitration agreement contained in its Service Terms and Conditions. (ECF No. 31.) Proch responded and argued that the arbitration agreement is void because he signed it under duress, among other reasons. (ECF No. 46.) Magistrate Judge Morris recommended that the Court grant the motion because Proch failed to show that Securus—as opposed to the Jail Defendants—knew of the coercive conditions Proch allegedly faced when he accepted the agreement. (ECF No. 56.) Proch objected (ECF No. 58), and Securus responded (ECF No. 59).

For the reasons that follow, the Court finds that Proch is entitled to limited discovery on validity of the arbitration agreement. So it will sustain his objections in part, reject the Report and Recommendation in part, deny Securus' motion without prejudice, grant Proch limited discovery, and return the matter to the Magistrate Judge for further proceedings.

## I.

Securus Technologies filed a "motion to dismiss and to enforce arbitration." (ECF No. 31.) It argued that Proch subscribed to Securus' services and accepted the

arbitration clause in Securus' Service Terms and Conditions, which **"REQUIRES THE USE OF SMALL CLAIMS COURT OR ARBITRATION ON AN INDIVIDUAL BASIS TO RESOLVE DISPUTES, RATHER THAN JURY TRIALS OR CLASS ACTIONS."** (ECF No. 31, PageID.181 (emphasis in original) (citing ECF No. 32-1, PageID.203).)[1]

Proch opposed the motion. (ECF No. 46.) He acknowledged that he accepted the agreement and thus bears the burden of proving any defenses to its formation. (*Id.* at PageID.382.) Nonetheless, he argued that it is void because he signed it under duress, because it was unconscionable, and because he had been unduly influenced into accepting it. (*Id.* at PageID.383.) In particular, he said "Defendants King and Securus" forbid inmates from seeking medical care, filing grievances, requesting personal care or hygiene items from the commissary, or otherwise communicating

---

[1] The arbitration agreement also includes a delegation provision: "Except as specifically set forth in this section, only the arbitrator is authorized to make determinations as to the scope, validity, or enforceability of this Agreement and this Arbitration Agreement, including whether any dispute falls within its scope." (ECF No. 32-1, PageID.205); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (explaining that a "delegation provision is an agreement to arbitrate threshold issues concerning the arbitration agreement").

But Securus did not raise this provision in its motion, did not file a reply after Proch challenged the validity of the agreement, and did not cite it in response to Proch's objections to the Report and Recommendation. (*See* ECF Nos. 31, 59.) So any argument about this provision is forfeited. *See Tri-State Wholesale Bldg. Supplies, Inc. v. Nat'l Lab. Rels. Bd.*, 657 F. App'x 421, 425 (6th Cir. 2016) (noting that the Sixth Circuit has "consistently held that arguments not raised in a party's opening brief . . . are waived, or at least forfeited"). And, as the Supreme Court recently explained, "[i]f an ordinary procedural rule—whether of waiver or forfeiture or what-have-you—would counsel against enforcement of an arbitration contract, then so be it." *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022). Thus, the Court will not consider the delegation clause.

3

with jail officials and the facility chaplain without using a tablet—and they had to accept the agreement to use the tablet. (*Id.* at PageID.382.) He attached declarations from five other inmates who swore they were told they could not request medical care without using a Securus tablet. (ECF Nos. 46-1 to 46-5.)

Magistrate Judge Morris issued a report and recommended that this Court grant Securus' motion and order Proch to resolve his claims in arbitration. (*See generally* ECF No. 56.) She first explained that Securus' "motion to dismiss" was properly understood as a motion to enforce arbitration under § 4 of the Federal Arbitration Act. (*Id.* at PageID.457 (citing *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 837 (6th Cir. 2021)).) And then she explained that § 4 "instructs courts to consider any issues relating to the making and performance of the agreement to arbitrate." (*Id.* at PageID.458 (internal quotation marks omitted) (citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 (1967)).) If the Court is satisfied that the making of the agreement is not in issue, "then it must compel arbitration and dismiss the claims covered by the arbitration agreement without prejudice." (*Id.* (collecting cases).) But if it is at issue, then a court must "proceed summarily to the trial to resolve the dispute as quickly and easily as possible." (*Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).) To make that decision, she explained, courts should "borrow the summary judgment standard from [Federal Rule of Civil Procedure] 56." (*Id.* (citing *Boykin*, 3 F.4th at 837–38).)

4

Having clearly laid out the applicable standard, the magistrate judge concluded that each of Proch's defenses failed because he did "not cite any evidence that Securus knew that the St. Clair County Jail did not allow inmates to file grievances or access medical care without utilizing Securus' tablets[.]" (ECF No. 56, PageID.462–465.) In other words, even assuming Proch had been coerced into accepting the arbitration agreement by a non-signatory, he failed to show that Securus knew of or was complicit in that coercion such that it should be deprived of the benefit of its bargain.

Proch filed two objections. First, he says that his inability to cite evidence showing Securus' knowledge "is the very reason that further discovery is needed. It would be premature to dismiss Securus at this point, when Plaintiff specifically alleged . . . an 'on-going conspiracy between Defendants.'" (ECF No. 58, PageID.470.) The second objection is more general and reiterates that he did not freely assent to the agreement. (ECF No. 58, PageID.471.) Securus responded to the objections (ECF No. 59), and the motion is now ripe for consideration.

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). When presented with objections to a magistrate judge's report and recommendation, a district judge "may accept, reject,

5

or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### III.

As the magistrate judge correctly explained, the Federal Arbitration Act requires district courts to compel the arbitration of claims covered by a valid arbitration agreement. 9 U.S.C. § 4. Section 4 "allows the court to consider only narrow issues: those relating to the making and performance of the agreement to arbitrate." *Boykin v. Fam. Dollar Stores of Michigan, LLC*, 3 F.4th 832, 837 (6th Cir. 2021) (internal quotation marks omitted). In addition, Federal Rule of Civil Procedure 56's standards "govern whether a court should hold a trial under § 4 when a party alleges that no contract exists." *Id.* at 838. Under that standard, the party seeking to enforce the arbitration agreement has "the initial duty to present evidence that would allow a trier of fact to find all required elements of a contract (including [the other side's] acceptance) because it [bears] the burden of proof on its contract claim under § 4." *Id.* at 839. If it does so, the party seeking to avoid the arbitration agreement must bring forth "specific facts" showing that the agreement is void. *Id.*

The parties agree that this is the proper standard. And there is no dispute that Securus met its initial burden of proving that there is an agreement and that Proch has not (yet) met his burden of presenting "specific facts" showing that the agreement is void due to duress, unconscionability, or undue influence. (ECF No. 46, PageID.382; ECF No. 58, PageID.470.)

6

The parties only disagree about the consequences of Proch's failure to present those facts pre-discovery. For his part, Proch requests discovery so he can try to do so. (ECF No. 58, PageID.470.) But Securus urges the Court to grant its motion and enforce the arbitration clause now. (ECF No. 59, PageID.474.)

The Court concludes that Proch should be given an opportunity to conduct limited discovery to support his defenses to the arbitration agreement.

Under Federal Rule of Civil Procedure 56(e), if a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact" as required by Rule 56(c), the court may "give an opportunity to properly support or address the fact" or "issue any other appropriate order." Fed. R. Civ. P. 56(e)(1), (4). The Advisory Committee Notes explain that affording a party the opportunity to properly support a fact will, in "many circumstances," be the Court's "preferred first step." Fed. R. Civ. P. 56(e) Advisory Committee Notes, 2010 Amendments. And this Rule applies with particular force to pro se litigants: "The choice among possible orders [under Rule 56(e)] should be designed to encourage proper presentation of the record. Many courts take extra care with pro se litigants . . . . And the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant." Fed. R. Civ. P. 56(e)(4) Advisory Committee Notes, 2010 Amendments.

For a few reasons, the Court finds it appropriate to give Proch the opportunity to support his defenses. For one, Proch is pro se and the Court recognizes the need to take extra care before dismissing this Defendant from federal court. *See id.* For two,

7

Securus styled its motion as a "motion to dismiss and enforce arbitration." (ECF No. 31.) So Proch has had no opportunity to conduct discovery; indeed, discovery has been stayed as to Securus while this motion has been pending. (*See* ECF No. 57.) For three, Proch seemed to appreciate that he would need discovery to withstand the motion, as he cited the summary judgment standard in response to it and collected what evidence he could—i.e., the declarations from his fellow inmates. (ECF No. 46, PageID.381.) And finally, the nature of Proch's claims suggests that Securus may have knowledge of the alleged coercive conditions he faced when he accepted the arbitration agreement. (ECF No. 1, PageID.18 (alleging that "Defendants King and Securus did conspire together to deny First Amendment rights to [inmates] when they knowingly and willfully devised a plan or scheme to privatize First Amendment access to inmates").) Between Proch's allegations and the inmates' declarations, it seems plausible that Securus might have known that Proch was coerced into accepting the agreement out of fear that he would be deprived of certain necessities if he refused. So limited discovery may shed light on the validity of the agreement.

Thus, the Court will grant Proch limited discovery under Rule 56(e) on whether a valid arbitration agreement exists. *See Boykin*, 3 F.4th at 841 ("Courts have recognized that a party who adequately puts the formation of an arbitration contract in issue may request discovery on that contract-formation question."); *Foust v. Comcast Corp.*, No. 3:19-CV-173, 2020 WL 730872, at *2 (E.D. Tenn. Feb. 13, 2020) (permitting limited discovery under Rule 56(e) "on whether a valid arbitration agreement exists").

Nothing in Securus' response changes the Court's decision. (ECF No. 59.) First, it reiterates the magistrate judge's conclusion that Proch lacks evidence of Securus' knowledge of the coercion. (ECF No. 59, PageID.474.) True enough, but Proch has never had an opportunity to discover and present such evidence. The Court merely gives him that opportunity now. Second, Securus says that Proch's desire to discover evidence of Securus' knowledge "contradicts" his claim that "prison officials, not Securus" told the inmates that they needed a tablet to request medical care. (*Id.*) But nothing in Proch's objection or the declarations addressed Securus' knowledge such that there is a contradiction. The inmates only explained what they had been told by prison officials. It is possible that Securus knew what the prison officials were saying to the inmates in an effort to coerce them into using the tablets. Indeed, that is Proch's point.

That resolves the first objection.

In the second objection, Proch "reasserts his argument" that he was coerced into signing the agreement such that it is void. (ECF No. 58, PageID.471.) Because the Court is granting Proch limited discovery to present this argument more fully, this objection is moot.

That leaves one issue. In response to this objection, Securus seeks to raise the bar for duress higher, suggesting that Proch must show that "he was under imminent threat of . . . physical violence when he signed this contract" in order to avoid it now. (ECF No. 59, PageID.476.) This is not a proper response. At the end of the Report and Recommendation, the magistrate judge informed the parties that, if objections were

9

filed, the opposing party "may file a concise response proportionate to the objections in length and complexity . . . [and] must specifically address each issue raised in the objections." (ECF No. 56, PageID.466–467.) Proch's second objection said nothing about the legal standard for duress, so this argument does not "specifically address" any issue raised in it. If Securus wished to contest the standard the magistrate judge applied, it should have filed an objection on that basis. It did not. As the Report and Recommendation warned, the "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 56, PageID.466 (citing *Thomas v. Arn*, 474 U.S. 140 (1985)).) Accordingly, the Court finds that this objection has been waived and will not reconsider, in this procedural posture, the standard for duress that was applied.

In sum, the Court will permit Proch to take limited discovery as requested in his first objection. It will overrule his second objection as it is now moot.

### IV.

For the foregoing reasons, the Court SUSTAINS IN PART Proch's objections (ECF No. 58), REJECTS IN PART the Report and Recommendation (ECF No. 56), DENIES WITHOUT PREJUDICE Securus' motion to compel arbitration (ECF No. 31), GRANTS Proch limited discovery on whether a valid arbitration agreement exists, and RETURNS the matter to the Magistrate Judge for further proceedings .

SO ORDERED.

Dated: August 2, 2023

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

10