UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAUREAN PROCH,<br><br>　　Plaintiff,<br><br>v.<br><br>MAT KING et al.,<br><br>　　Defendants. | Case No. 22-12141<br>Honorable Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS [108], ADOPTING REPORT AND RECOMMENDATION [105], GRANTING DEFENDANT SECURUS TECHNOLOGIES, INC.'S MOTION TO DISMISS [88], AND DISMISSING AS MOOT SECURUS' MOTION FOR SUMMARY JUDGMENT [119]**

In August 2022, the St. Clair County Jail implemented a "postcard-only" mail policy. Any incoming personal mail not written on a plain postcard would be destroyed or rejected, allegedly without the recipient receiving notice or an opportunity to challenge the determination. People incarcerated at SCCJ could still receive longer communications, embellished or colorful messages (like artwork from children), and photos—for a fee. They could pay to rent a tablet from the jail, then pay to send and receive digital messages from loved ones.

Taurean Proch was incarcerated at SCCJ when the policy went into effect. Believing that the arrangement violated the First and Fourteenth Amendments, he sued St. Clair County, the county sheriff, three jail employees, and, relevant here, Securus Technologies, LLC, the private company that provided the tablets and

communications services. (ECF No. 89.) The Court referred all pretrial matters to Magistrate Judge Patricia T. Morris. (ECF No. 13.)

Since then, Proch was released from jail (*see* ECF No. 36), obtained representation (*see* ECF Nos. 66, 67), and amended his complaint (ECF No. 89). Securus moved to dismiss that complaint on June 5, 2024, arguing that it is neither a state actor subject to liability under 42 U.S.C. § 1983 nor a coconspirator that can be said to have "caused" the deprivation of a constitutional right under Section 1983. (ECF No. 88.)[1] Judge Morris agrees and recommends granting Securus' motion to dismiss. (ECF No. 105.)

Judge Morris' report and recommendation and Proch's objections (ECF No. 108) are now before the Court. For the reasons below, the Court overrules Proch's objections, adopts the report and recommendation in full, and grants Securus' motion to dismiss.

I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court has no obligation to review un-objected to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012); *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The district

---

[1] Despite the numbering on the docket, the Court notes that Proch's amended complaint (ECF No. 89) was indeed filed before Securus' motion to dismiss (ECF No. 88).

court need not provide de novo review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." (cleaned up)). To that end, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

The Court has carefully reviewed Proch's complaint (ECF No. 89); Securus' motion to dismiss and the parties' briefing (ECF Nos. 88, 93, 96); Judge Morris' report and recommendation to grant the motion (ECF No. 102); Proch's objections, Securus' response, and Proch's reply (ECF Nos. 108, 110, 111), and all other applicable filings and law. Having conducted this *de novo* review, the Court finds that Judge Morris' factual conclusions are reasonably correct, that she reasonably applied the correct law, and that her legal reasoning is sound. Indeed, for the reasons Judge Morris lays out in detail, Proch fails to plausibly allege that Securus, a private entity, conspired with the jail to violate his First and Fourteenth Amendment rights. Proch's objections fail to support a conclusion to the contrary. Thus, there are no prejudicial clear errors

in Judge Morris' thorough findings or recommendations to grant Securus' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Securus from the case.

## II.

Accordingly, the Court OVERRULES Proch's objections to Judge Morris' report and recommendation (ECF No. 108), ADOPTS the recommended disposition (ECF No. 105), and GRANTS Securus' motion to dismiss (ECF No. 88). Securus' motion for summary judgment (ECF No. 119) is DISMISSED AS MOOT.

SO ORDERED.

Dated: March 31, 2025

                                                s/Laurie J. Michelson
                                                LAURIE J. MICHELSON
                                                UNITED STATES DISTRICT JUDGE