UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TAUREAN PROCH, | Case No. 2:22-cv-12141 |
| *Plaintiff,* | District Judge Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |
| v. | |
| SHERIFF MAT KING,<br>SERGEANT D. FLEMING,<br>LIEUTENANT R. OLEJNIK,<br>LIEUTENANT K. ADAMS,<br>SECURUS TECHNOLOGIES,<br>INC. | |
| *Defendants.* | |

## SECURUS TECHNOLOGIES, INC.'S
## UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant Securus Technologies, LLC (f/k/a Securus Technologies, Inc.) ("Securus") moves this Honorable Court for entry of final judgment in its favor.

On October 17, 2024, Judge Morris issued a report and recommendation (the "R&R") on Securus' Motion to Dismiss Plaintiff's Amended Complaint. The R&R recommended that all claims against Securus be dismissed. ECF No. 105. Plaintiff objected to the R&R. ECF No. 108. On March 31, 2025, Judge Michelson issued an order overruling Plaintiff's objections, adopting Judge Morris' R&R, and dismissing

1

all claims against Securus. ECF No. 125. As explained more fully in the brief filed in support of this Motion (which is hereby incorporated by reference), the totality of factors that courts consider on motions for final judgment weighs heavily in favor of entering final judgment for Securus.

Securus has conferred with both counsel for Plaintiff (by telephone on June 23, 2025 and by email on several occasions) and counsel for the remaining Defendants (by email on June 12, 2025), and concurrence was obtained. Neither the Plaintiff, nor the remaining Defendants, opposes the relief sought herein. Accordingly, Securus respectfully moves the Court, pursuant to Rule 54(b), for entry of final judgment on all claims dismissed against it.

WHEREFORE Defendant prays this Honorable Court GRANT its Unopposed Motion for Entry of Final Judgment, together with such additional relief in Defendant's favor as this Court deems just and proper.

Dated: July 11, 2025                    Respectfully submitted,

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.
Freedman Normand Friedland LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 924-2900
Email: csmeryage@fnf.law

and

Rhonda R. Stowers (P64083)
Plunkett Cooney

111 E. Court St., Ste. 1B
Flint, MI 48502
Tel.: (810) 342-7003
Email: rstowers@plunkettcooney.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TAUREAN PROCH, | Case No. 2:22-cv-12141 |
| *Plaintiff,* | District Judge Laurie J. Michelson |
| v. | Magistrate Judge Patricia T. Morris |
| SHERIFF MAT KING, SERGEANT D. FLEMING, LIEUTENANT R. OLEJNIK, LIEUTENANT K. ADAMS, SECURUS TECHNOLOGIES, INC. | |
| *Defendants.* | |

## BRIEF IN SUPPORT OF SECURUS TECHNOLOGIES, INC.'S UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT

# **QUESTIONS PRESENTED**

1. Should the Court enter final judgment, under Federal Rule of Civil Procedure 54(b), in favor of Defendant Securus because there remains no claim against it and the totality of the relevant factors weighs heavily in favor of the entry of final judgment?

 **Defendant answers: Yes**

# **CONTROLLING/APPROPRIATE AUTHORITIES**

**Cases**

*Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)

*Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021)


**Rules**

Fed. R. Civ. P. 54(b)

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

RELEVANT BACKGROUND ............................................................................. 1

LEGAL STANDARD ........................................................................................... 3

ARGUMENT ......................................................................................................... 5

CONCLUSION ..................................................................................................... 9

Case 2:22-cv-12141-LJM-PTM   ECF No. 144, PageID.5205   Filed 07/11/25   Page 7 of 20

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Dabrowski v. Tubular Metal Sys., LLC*,
   722 F. Supp. 3d 766 (E.D. Mich. 2024) ...................................................... 6, 7

*Gen. Acquisition, Inc. v. GenCorp, Inc.*,
   23 F.3d 1022 (6th Cir. 1994) ...................................................................... 4, 5

*Harlan v. Torrence*,
   No. 3:08-0959, 2009 WL 1407001 (M.D. Tenn. May 19, 2009) ..................... 8

*Kalamazoo River Study Grp. v. Rockwell Int'l*,
   No. 1:95-cv-838, 1999 WL 33485559 (W.D. Mich. Feb. 3, 1999) ................... 4

*Reiter v. Cooper*,
   507 U.S. 258 (1993) ........................................................................................ 3

*Rowland v. S. Health Partners, Inc.*,
   4 F.4th 422 (6th Cir. 2021) ............................................................................. 5

*Solomon v. Aetna Life Ins. Co.*,
   782 F.2d 58 (6th Cir. 1986) ............................................................................ 3

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 1, 2

Fed. R. Civ. P. 54(b) .................................................................................. passim

**Introduction**

On March 31, 2025, the Court entered an opinion and order dismissing all claims against Securus based on Plaintiff's failure to state an actionable claim. ECF No. 125. In that order, the Court concluded: "Proch fails to plausibly allege that Securus, a private entity, conspired with the jail to violate his First and Fourteenth Amendment rights. Proch's objections fail to support a conclusion to the contrary. Thus, there are no prejudicial clear errors in Judge Morris' thorough findings or recommendations to grant Securus' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Securus from the case." ECF No. 125, PageID. 3514-15.

Because no claim remains against Securus, the Court should enter final judgment in favor of Securus under Rule 54(b). As explained herein, there is no just reason to delay in entering final judgment—particularly where Plaintiff has indicated that he does not intend to pursue an appeal of a final judgment entered in favor of Securus. Accordingly, and for those reasons set forth more fully below, Securus respectfully requests that the Court enter final judgment on Plaintiff's claims against Securus.

**Relevant Background**

Plaintiff's Amended Complaint initially asserted five claims against Securus. ECF No. 89, PageID. 929-35. Judge Morris struck Plaintiff's claims under the Michigan Constitution (Counts V & VI) as futile. ECF No. 81, PageID. 749.

1

Consequently, as of May 2024, three claims remained pending against Securus—Count I under the First Amendment, Count II under the Fourteenth Amendment Due Process, and Count III as a conspiracy claim. ECF No. 89, PageID. 929-32. However, as Judge Morris explained in the October 17, 2024 R&R recommending dismissal, "Counts I and II allege that the [County] Defendants directly violated [Plaintiff's] rights under the First and Fourteenth Amendments and that Securus 'conspired' in these violations" and "Count III simply reiterates that [Plaintiff's] claims against Securus are premised on a civil conspiracy." ECF No. 105, PageID.1037 n.4. Plaintiff did not challenge this portion of Judge Morris' decision and her accompanying recommendation that Count III be dismissed. *See* ECF No. 108. Therefore, with no objection, Plaintiff's Count III against Securus was dismissed.

Following the R&R, Plaintiff's "only remaining claims against Securus [were] that the company (1) conspired to violate [his] right to free speech and (2) conspired to deprive [him] of his rights to due process." ECF No. 105, PageID.1037 n.4. These remaining claims were subsequently dismissed by virtue of Judge Michelson's March 31, 2025 Order, which adopted "Judge Morris' thorough findings or recommendations to grant Securus' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss Securus from the case" and granted Securus' motion to dismiss.

2

ECF No. 125, PageID. 3514-15. At that point, all claims against Securus were disposed of.

## Legal Standard

When an action involves multiple claims for relief or when multiple parties are involved, Rule 54(b) permits a federal district court to enter final judgment as to a portion of the parties or claims:

> (b) Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).

The rule was designed "to facilitate the entry of judgment on one or more claims, or as to one or more parties, in a multi-claim/multi-party action." *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 60 (6th Cir. 1986). It balances the "undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Id*.

The power of a district court under Rule 54(b) is "largely discretionary, to be exercised in light of judicial administrative interests as well as the equities involved, and giving due weight to the historic federal policy against piecemeal appeals." *Reiter v. Cooper*, 507 U.S. 258, 265 (1993). The Sixth Circuit has held that a district court may enter final judgment under Rule 54(b) if it "(1) expressly directs the entry

3

of final judgment as to one or more but fewer than all the claims or parties; and (2) expressly determines that there is no just reason to delay appellate review." *Kalamazoo River Study Grp. v. Rockwell Int'l*, No. 1:95-cv-838, 1999 WL 33485559, at *1 (W.D. Mich. Feb. 3, 1999) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994)).

The first part of the two-part test required under Sixth Circuit law is satisfied if a district court "ultimately disposes of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Gen Acquisition*, 23 F.3d at 1026-27. The district court must also determine that a "final judgment" is present—that is, there must be "a judgment in the sense that it is a decision upon a cognizable claim for relief, and it must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* at 1027 (internal quotations omitted).

The second part of the two-part test requires that a district court "balance the needs of the parties against the interests of efficient case management." *Id*. In doing so, the Sixth Circuit has "identified several factors that district courts should consider when deciding whether there is a just reason for delay, including:

(1) the relationship between the adjudicated and the unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

4

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final;

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 427 (6th Cir. 2021) (citing *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 638 F. App' 489, 497 (6th Cir. 2016)).

## **Argument**

Under the first step of the two-part test, it is indisputable that the Court's orders to date have "ultimately dispose[d] of one or more but fewer than all of the claims or parties in a multi-claim/multi-party action." *Gen Acquisition*, 23 F.3d at 1026-27. It is equally clear that the Court's March 31, 2025 Order granting dismissal of all claims against Securus constitutes "a judgment in the sense that it is a decision upon a cognizable claim for relief," and that it is "final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* The R&R adopted by Judge Michelson and the Court's March 31, 2025 Order granting dismissal readily meet the first step of the two-part test.

Turning to the second step of the two-part test, each of the factors also supports entering a Rule 54(b) judgment in favor of Securus—particularly where, as

here, Plaintiff has indicated that he does not intend to appeal the judgment in favor of Securus.

Specifically, the first factor (*i.e.*, the relationship between the adjudicated and the unadjudicated claims) weighs in favor of entering judgment for Securus. Initially, Plaintiff asserted five claims against Securus. ECF No. 89, PageID. 929-35. Magistrate Judge Morris struck Plaintiff's claims under the Michigan Constitution (Counts V & VI), which were asserted against all Defendants, as futile. ECF No. 81, PageID. 749. Plaintiff did not object to Judge Morris' recommendation, and therefore, those claims are no longer pending or appealable. *See Dabrowski v. Tubular Metal Sys., LLC*, 722 F. Supp. 3d 766, 771 (E.D. Mich. 2024) ("Failure to file specific objections constitutes a waiver of any further right of appeal."). The three remaining claims asserted that Securus conspired to violate Plaintiff's right to free speech and conspired to deprive him of his constitutional rights to due process. ECF No 105, PageID. 1037 n.4.

In dismissing Plaintiff's complaint against Securus, this Court and Judge Morris held that Plaintiff's allegations do not amount to a conspiracy. ECF No. 105; ECF No. 125. The claim of conspiracy is the only overlapping claim between Securus and the remaining County Defendants.[1] However, Plaintiff has indicated

---

[1] The remaining claims against the County Defendants are: (1) a First Amendment claim (Count I); (2) a Due Process claim (Count II); and (3) a Retaliation claim (Count IV).

6

that he "does not pursue his claim for conspiracy here." ECF No. 129, PageID. 3565 n.8. And although Plaintiff initially stated that he "reserves the right to challenge [Securus'] dismissal," Plaintiff's counsel has subsequently indicated during the meet and confer process that Plaintiff will not be appealing this Court's dismissal of Plaintiff's claims against Securus.

But even if Plaintiff had not made this representation, the sole overlapping claim is no longer at issue or appealable because Judge Morris recommended granting the County Defendants' summary judgment on the claim of conspiracy (ECF No. 133, PageID.5079) and Plaintiff did not object to that ruling (ECF No. 137). *See Dabrowski,* 722 F. Supp. 3d at 771 ("Failure to file specific objections constitutes a waiver of any further right of appeal."). Consequently, there is no relationship between adjudicated and unadjudicated claims.

The second factor— the possibility that the need for review might or might not be mooted by future developments in the district court—is inapplicable because Plaintiff does not intend to seek review of a judgment in favor of Securus. Even if this factor applied, there is little possibility that the need for review of Plaintiff's claims against Securus would be mooted because, as explained, the remaining claims have no relationship to the adjudicated claims.

The third factor— the possibility that the reviewing court might be obliged to consider the same issue a second time—weighs strongly in favor of entering a

7

judgment in favor of Securus. There is no possibility that the appellate court will consider the issue of conspiracy a second time because Plaintiff's counsel has indicated that Plaintiff will not appeal Securus' dismissal from the case and Plaintiff did not object to Judge's Morris recommendation of dismissal of the conspiracy claim against County Defendants.

The fourth factor—the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final—is irrelevant because there are no such claims or counterclaims here.

And finally, the miscellaneous factor also weighs in favor of entering judgment because requiring Securus to remain subject to appeal months later and thereby forcing Securus to monitor future proceedings in this case will result in expenses and delay for Securus that are unnecessary, particularly because Securus played no role in the County's enactment of the policy at issue in this case. *See Harlan v. Torrence*, No. 3:08-0959, 2009 WL 1407001, at *2 (M.D. Tenn. May 19, 2009) ("Defendant Torrence could be prejudiced from delay because, as he puts it, he "faces a prolonged period of uncertainty, not knowing if his individual assets are still at risk . . .. This is of particular concern since he should not have been named as a Defendant in the first place.")

Accordingly, no just reason exists to delay entry of judgment in favor of Securus.

## Conclusion

For each of these reasons, Securus respectfully requests that the Court grant its motion and enter final judgment on the claims against Securus pursuant to Rule 54(b).

## Statement Regarding Concurrence

Securus has conferred with both counsel for Plaintiff (by telephone on June 23, 2025 and by email on several occasions) and counsel for the remaining Defendants (by email on June 12, 2025), and concurrence was obtained. Neither the Plaintiff, nor the remaining Defendants, opposes the relief sought herein. Counsel for Plaintiff further advised that Plaintiff does not intend to appeal the entry of final judgment in favor of Securus.

Dated: July 11, 2025

Respectfully submitted,

*/s/ Colleen Smeryage*
Colleen Smeryage, Esq.
Freedman Normand Friedland LLP
1 SE 3rd Avenue, Suite 1240
Miami, FL 33131
Tel: (305) 924-2900
Email: csmeryage@fnf.law

and

Rhonda R. Stowers (P64083)
Plunkett Cooney
111 E. Court St., Ste. 1B

9

Flint, MI 48502<br>
Tel.: (810) 342-7003<br>
Email: rstowers@plunkettcooney.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 11, 2025, I electronically filed the foregoing document via the Court's CM/ECF system, which will notify all counsel of record authorized to receive such filings.

<i>/s/ Colleen Smeryage</i><br>
Colleen Smeryage, Esq.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TAUREAN PROCH, | Case No. 2:22-cv-12141 |
| *Plaintiff,* | District Judge Laurie J. Michelson<br>Magistrate Judge Patricia T. Morris |
| v. | |
| SHERIFF MAT KING,<br>SERGEANT D. FLEMING,<br>LIEUTENANT R. OLEJNIK,<br>LIEUTENANT K. ADAMS,<br>SECURUS TECHNOLOGIES,<br>INC. | |
| *Defendants.* | |

## BRIEF FORMAT CERTIFICATION FORM

I, Colleen L. Smeryage, hereby certify that the foregoing brief complies with Eastern District of Michigan Local Rules 5.1(a), 5.1.1, and 7.1 and Judge Michelson's Case Management Requirements. In particular, I certify that each of the following is true (click or check box to indicate compliance):

☒ the brief contains a statement regarding concurrence, *see* LR 7.1(a);

☒ the brief, including footnotes, uses 14-point font, *see* LR 5.1(a)(3);

☒ the brief contains minimal footnotes and, in all events, no more than 10, *see* Case Management Requirements § III.A;

☒ the brief and all exhibits are searchable .pdfs, *see* Case Management Requirements § III.A;

☒ the brief is double spaced (except for footnotes and necessary block quotes) with one-inch margins, *see* LR 5.1(a)(2);

☒ deposition transcripts have been produced in their entirety and not in minuscript, *see* Case Management Requirements § III.A;

11

☒ if the brief and exhibits total 50 pages or more, a courtesy copy with ECF headers will be sent to chambers, *see* Case Management Requirements § III.B.

I also acknowledge that if the Court later finds that these requirements are not met, my brief will be stricken.

*/s/ Colleen L. Smeryage*
Dated: July 11, 2025
