UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TAUREAN PROCH,

    Plaintiff,

v.

MAT KING et al.,

    Defendants.

Case No. 22-12141
Honorable Laurie J. Michelson

---

**OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S OBJECTIONS [137], OVERRULING DEFENDANTS' OBJECTIONS [136], AND ADOPTING IN PART REPORT AND RECOMMENDATION [133] TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [117]**

---

The St. Clair County Jail (SCCJ) implemented a postcard-only mail policy. Under this policy, mail arriving at SCCJ but not written on a postcard is destroyed or rejected. And it is destroyed or rejected allegedly without the recipient's ability to challenge that decision. The policy exempts, among other things, legal mail. Inmates at SCCJ have the ability, however, to use a tablet from the jail and pay to send and receive digital messages.

Taurean Proch was incarcerated at SCCJ when this policy went into effect. He believed that this postcard-only policy violated the First and Fourteenth Amendments, so he sued St. Clair County, the county sheriff, and three jail employees under 42 U.S.C. § 1983 seeking monetary, declaratory, and injunctive relief. (ECF Nos. 1, 89.) Proch is no longer incarcerated at SCCJ (ECF Nos. 34, 36), but he brings

this suit on behalf of a putative class. (ECF No. 89, PageID.925.) All pretrial matters were referred to Magistrate Judge Patricia T. Morris. (ECF No. 13.) Judge Morris issued a report and recommendation (ECF No. 133) to grant in part and deny in part Defendants' motion for summary judgment (ECF No. 117), which is now before the Court.

At the conclusion of her report and recommendation, Judge Morris notified the parties that they were required to file any objections within 14 days of service, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (ECF No. 133, PageID.5080–5081.)

In conducting a *de novo* review of the parties' objections, the Court has reviewed the following: Proch's amended complaint (ECF No. 89), Defendants' answer to Proch's amended complaint (ECF No. 87), Defendants' motion for summary judgment (ECF No. 117), Proch's response to that motion (ECF No. 129), Defendants' reply to that motion (ECF No. 132), Judge Morris' report and recommendation (R&R) to grant in part and deny in part the Defendants' motion for summary judgment (ECF No. 133), Proch's objections to the R&R (ECF No. 137), Defendants' responses to those objections (ECF No. 138), Proch's reply to those objections (ECF No. 143), Defendants' objections to the R&R (ECF No. 136), Proch's responses to those objections (ECF No. 139), Defendants' reply to those objections (ECF No. 142), as well as additional filings on the docket and applicable law.

The objections are fully and adequately briefed, so the Court will decide them without further argument. *See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court SUSTAINS IN PART and OVERRULES IN PART Proch's objections (ECF No. 137), OVERRULES Defendants' objections (ECF No. 136), ADOPTS IN PART the report and recommendation (ECF No. 133), and GRANTS IN PART and DENIES IN PART Defendants' motion for summary judgment (ECF No. 117).

## I.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review unobjected-to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

"To properly object to a magistrate judge's report and recommendation, however, the objecting party must do more than simply restate the arguments set forth in that party's motion for summary judgment." *Walton v. Unum Life Ins. Co. of Am.*, No. 16-12518, 2017 WL 4161109, at *1 (E.D. Mich. Sept. 20, 2017); *Owens v.*

*Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at \*3 (W.D. Mich. Mar. 28, 2013) (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources.").

## II.

In his objections to the R&R, Proch contends that Judge Morris erred in granting summary judgment to Defendants on his First Amendment claims and the application of qualified immunity to the individual defendants. (*See generally* ECF No. 137.)

After conducting a *de novo* review, and as to every objection other than the application of qualified immunity for Proch's due process claim (*see id.* at PageID.5132), the Court "finds that Judge [Morris'] factual conclusions are reasonably correct, that [s]he reasonably applied the correct law, and that h[er] legal reasoning is sound." *See Key v. City of Detroit*, 732 F. Supp. 3d 721, 726 (E.D. Mich. 2024). The Court further concludes that "there are no prejudicial clear errors in Judge [Morris'] findings or recommendations." *Id.*

## A.

Start with Proch's big picture objections. He challenges the legal standard employed by Judge Morris, contending that she failed to "apply the appropriate summary judgment standard." (ECF No. 137, PageID.5113–5114.) Not so. The R&R applied the correct summary judgment standard when it "constru[ed] the facts in the

light most favorable to Proch as the nonmoving party." (ECF No. 133, PageID.5063; *id.* at PageID.5072 ("[c]onstruing the evidence in the light most favorable to Proch.").) *See Static Control Components, Inc. v. Lexmark Int'l, Inc.*, 697 F.3d 387, 414–15 (6th Cir. 2012), *aff'd*, 572 U.S. 118 (2014) ("The evidence on summary judgment must be construed in the light most favorable to the non-moving party.") (citation omitted).)

Along those same lines, Proch's objections maintain that in order for him "[t]o prevail," he needs to "show only a dispute of material fact as to whether the postcard-only policy was rationally related to Defendants' interests in security and efficiency." (ECF No. 137, PageID.5120.) Again, not so. Proch was required to show a *"genuine"* issue of material fact. *See* Fed. R. Civ. P. 56(a). That qualifier matters, because a dispute is only "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 851 (6th Cir. 2017) (internal quotation marks and citation omitted). And, as discussed below, while Proch may contest the prudence of the postcard-only policy, a reasonable jury could not.

Proch also objects to Judge Morris' alleged "ignoring [of] an on-point case from the Eastern District of Michigan." (ECF No. 137, PageID.5113 (referencing *Hum. Rts. Def. Ctr. v. Bezotte*, No. 11-13460, 2017 WL 1250683 (E.D. Mich. Mar. 31, 2017).) First, Judge Morris is not bound by a district court case. *See Camreta v. Greene*, 563 U.S. 692, 709 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore *et al.*, Moore's Federal

Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). And second, Judge Morris very well may have considered that case when issuing her R&R without expressly citing it. There is thus no merit to Proch's objection that Judge Morris "ignored" it.

Turn next to the substance of Proch's First Amendment claim, which asks whether the postcard-only policy satisfies *Turner v. Safley*, 482 U.S. 78, 89 (1987). Proch devotes the overwhelming majority of his objections to the first *Turner* factor: "whether a 'valid, rational connection' exists between the prison regulation and the legitimate governmental interest put forward to justify it." (ECF No. 133, PageID.5061.) He takes issue with the safety and efficiency rationales for the SCCJ's postcard-only policy. (*See* ECF No. 137, PageID.5114–5122.) This makes sense, because the first factor "constitutes a *sine qua non*." *Walker v. Sumner*, 917 F.2d 382, 385 (9th Cir. 1990) (finding that the court "need not consider the others [from *Turner*]" if the first factor is not satisfied).

Proch objects to Judge Morris' "conclusion that the mail policy furthered the Jail's interest in security" by "crediting Defendants' assertion that there were twelve instances of drugs entering the Jail through the mail and then erroneously stated that 'Proch has conceded that, albeit rare, contraband does enter the jail via jail mail.'" (ECF No. 137, PageID.5116.) But Proch did, in fact, concede that illicit drugs entered the jail before the postcard-only policy went into effect, although he called it "an exceedingly low incidence . . . ." (ECF No. 129, PageID.3538.) Setting aside the lack of support for characterizing a dozen instances of drugs entering a jail through the mail in a two-year period as "exceedingly low," the jail "need not present evidence

6

of previous incidents stemming from the receipt by inmates of letter mail—'prison officials may also seek to prevent harm that has yet to occur.'" *Simpson v. Cty. of Cape Girardeau*, 879 F.3d 273, 279 (8th Cir. 2018) (quotation omitted). Judge Morris did not say that Proch conceded the *exact* number of instances of drugs entering through the mail. She simply correctly noted that "Proch has conceded that, albeit rare, contraband does enter the jail via jail mail." (ECF No. 133, PageID.5063.)

Proch also contends that Judge Morris "erroneously concluded that the postcard-only policy saves time." (ECF No. 137, PageID.5119–5120.) The R&R considered Proch's view "that going to a postcard-only policy does save time, though [he] argues it does not save enough time." (ECF No. 133, PageID.5063.) As Proch put it, "requiring postcards saves minimal time on the front end." (ECF No. 137, PageID.5119.) Again, as Judge Morris explained, Proch just takes issue with the *amount* of time saved relative to an "increased volume of non-compliant mail." (*Id.*) That is, Proch largely does not take issue with the fact that it *does* save time. And, as explained in the R&R, the policy reduces the time necessary to process incoming mail by changing "the manner in which the hundreds of pieces of correspondence enter the Jail, undergo inspection, and find their way to the inmates each day." (ECF No. 133, PageID.5064.)

To the extent Proch references additional factual errors in the R&R, his objections are largely immaterial. For instance, he objects to Judge Morris' conclusion that in-person visits are available at SCCJ. (*Id.* at PageID.5123–5124.) Judge Morris seemed to credit visits at SCCJ as being in person even though conducted through a

video screen. (*See* ECF No. 138, PageID.5142; ECF No. 117, PageID.1186; ECF No. 132, PageID.5032.) In any event, the "alternatives to mail need not be ideal . . . they need only be available," and it appears undisputed that video visits and phone calls are, in fact, available. (*See* ECF No. 133, PageID.5066–5067 (citation and internal quotation marks omitted).) Proch also objects that Judge Morris misstated the fact that the electronic tablets were paid for. (ECF No. 137, PageID.5120–5121.) But that does not change the analysis because the county's policy provides that all revenue from the Securus contract shall be spent on inmates. (*See* ECF No. 117-6; *see also* ECF No. 117, PageID.1174.) That is, the mere *hypothetical* that Proch raises—i.e., that the money *could* be sent to the county's general fund—is insufficient to create a genuine dispute of material fact.

Proch also avers that Judge Morris misses the "scheme at the heart of this case." (ECF No. 137, PageID.5121.) That "scheme," Proch asserts, involves St. Clair County and Securus, "a private company that provides communications services to '3,400' correctional facilities in every state including facilities in at least sixty-seven counties in Michigan." (ECF No. 133, PageID.5056.) Securus, Proch says, provides its "equipment and services to the Jail *for free* precisely so that Securus and the Jail can profit from charging fees to a captive audience of incarcerated people who need to communicate with the outside." (ECF No. 137, PageID.5121 (emphasis in original).) While Judge Morris may not have noted, for instance, that the electronic tablets were available seven months before the postcard-only policy was established (*id.* at PageID.5122), that does not result in a "prejudicial" error because that undisputed

8

fact still shows that the electronic tablets from Securus were available well before the postcard-only policy went into effect, which, among other things, casts great doubt about an alleged "scheme." (*See* ECF No. 133, PageID.5057, PageID.5063.) That is, as Judge Morris explained, Proch's "argument misses a crucial point" because "[t]he financial benefit from the Securus services that he claims motivated the postcard-only policy was already in place before the policy was changed." (*Id.* at PageID.5063.)

And to the extent Judge Morris misinterpreted Proch's argument on the first *Turner* factor as also being an attack on whether the policy is "rationally related" to that goal, this is immaterial, because even so, Proch's challenges to the policy do not meet the threshold under *Turner*. As the Eighth Circuit explained in a similar situation: "*Turner* does not require 'actual proof that a legitimate interest will be furthered by the challenged policy. The connection between the two need only be objectively rational.'" *Simpson*, 879 F.3d at 279 (citation omitted). In *Simpson*, that jail provided that the "purpose of the [postcard-only] policy is to improve the security and efficiency of the jail." *Id.* The plaintiff did not "controvert" that position, which meant the jail's "stated objectives justifying the regulation appear rationally connected to legitimate governmental interests." *Id.* That is just as true in this case because, as described above, Proch acknowledged the security and efficiency enhancements. On security even, SCCJ "need not present evidence of previous incidents stemming from the receipt by inmates of letter mail" but doing so—like it did and like Proch acknowledged—helps "bolster the rationale for a postcard-only policy." *Id.* As the Eighth Circuit further explained,

9

> [The jail] does not even have to show that its interests will actually be furthered by the policy, only that there is a rational relationship between the policy and the objectives. It is reasonable to believe that contraband could be smuggled into the jail via mail. Furthermore, it is a rational concept that limiting non-privileged mail to postcards could reduce the risk of contraband being introduced into the jail through the mail. Accordingly, we find that [the jail's] postcard-only policy is rationally connected to the legitimate penological objective of jail safety.

*Id.* at 280 (citation omitted). And on efficiency, the jail "does not have to show that efficiency was or will actually be furthered . . . [i]t only needs to show that rationally the policy could lead to more efficiency." *Id.* There, like here, "[r]emoving the need to open envelopes and shuffle through pages of letters could reasonably allow officers to spend less time and energy checking the mail for contraband[,]" so the jail's "policy is rationally related to the legitimate penological interest of an efficiently run institution." *Id.*

Proch's First Amendment retaliation claim fares no better. He alleges that "after [he] exercised his First Amendment rights by filing grievances, filing this lawsuit, and contesting his debt, the County responded with a threat to sue him for nearly $14,000." (ECF No. 133, PageID.5073.) Proch alleges that the county was obligated to "investigate [his] financial status" prior to Proch being "required to pay for his incarceration." (ECF No. 137, PageID.5130.) He cites *Mudge v. Macomb County*, 534 N.W.2d 539, 542 (Mich. Ct. App. 1995), *aff'd in part*, 580 N.W.2d 845 (Mich. 1998)). That case, however, did not hold that a county had to "investigate [a] financial status" before requiring a former incarcerated individual to pay for their incarceration, as Proch contends. Instead, that case held that prior to "filing a civil action in either the district or the circuit court," a county must "investigate the

financial status" of a former incarcerated individual. *Id.* That means a reasonable juror could not conclude that Proch did not have a statutory obligation to pay for his incarceration. In turn, that shows "there is no indication on the record that the Jail's efforts to collect the amounts owed by Proch were in any way accelerated, unusual, or in bad faith." (ECF No. 133, PageID.5075.)

**B.**

Judge Morris did err, however, in her consideration of the application of qualified immunity for the individual defendants as to Proch's due process claim. Judge Morris recommended that summary judgment be denied on this claim because "there is a genuine issue of material fact as to whether mail addressed to him was withheld without the due process to which he was entitled under *Martin* [*v. Kelley*, 803 F.2d 236, 243–44 (6th Cir. 1986)]." (*Id.* at PageID.5072.) More specifically, whether he received notice of mail rejection due to a policy violation and whether he had an opportunity to challenge that rejection.

To be sure, Proch *did* seek to hold the individual defendants liable on his due process claim. (ECF No. 89, PageID.929–931; ECF No. 129, PageID.3561) ("the [l]ieutenants are individually liable for the inadequate due process, whether because of the policy they drafted or because they failed to train deputies to ensure they consistently provided notice.").) Defendants acknowledged as much in their motion for summary judgment. (ECF No. 117, PageID.1197 ("Here, Plaintiff's First Amended Complaint also names the individual defendants in the First Amendment *and Due Process* claims.") (emphasis added).) In seeking summary judgment, however,

11

Defendants simply argued "[b]ecause there is not sufficient case law to establish that a jail cannot go to a postcard only policy on these facts, Defendants Lt. Oljenik and Lt. Adams, as well as Sheriff King in his personal capacity, are entitled to qualified immunity." (*Id.* at PageID.1198.) This pertains to the First Amendment claim, not the due process claim. And in his response brief, Proch pointed out that "Defendants do not argue that they are entitled to qualified immunity for their due process violations." (ECF No. 129, PageID.3563.)

But the R&R recommended the Court find that the individual defendants are entitled to qualified immunity without separately analyzing application as to Proch's due process claim. (*See* ECF No. 133, PageID.5076–5077 (addressing "the constitutionality of postcard-only policies" but not the notice and opportunity to appeal for rejected mail—the basis of the due process violation).) So Proch's objection—that Judge Morris failed to separately analyze the issue of qualified immunity for the due process claim—is sustained. While this oversight is understandable given that the Defendants forfeited the argument, in light of the fact that the due process claim survived under *Martin*, the question of whether the individual defendants are entitled to qualified immunity as to that claim survives as well. As a result, the individual defendants remain in the case only as to Proch's due process claim.

## C.

Thus, Proch's objections (ECF No. 137) are SUSTAINED IN PART and OVERRULED IN PART.

## III.

Defendants also filed objections to the R&R. (ECF No. 136.) Defendants argue that Judge Morris erred when she did not grant summary judgment as to Proch's due process claim or his claim for declaratory relief. (*See generally id.*)

After conducting a *de novo* review, the Court "finds that Judge [Morris'] factual conclusions are reasonably correct, that [s]he reasonably applied the correct law, and that h[er] legal reasoning is sound." *See Key*, 732 F. Supp. 3d at 726. The Court further concludes that "there are no prejudicial clear errors in Judge [Morris'] findings or recommendations." *Id.*

Judge Morris recommended that summary judgment fail as to Proch's due process claim, reasoning there is a fact question as to whether "mail addressed to him was withheld without the due process to which he was entitled under *Martin*." (ECF No. 133, PageID.5072.) Defendants contend that Proch's due process claim must fail because, among other things, the jail had a "universal grievance policy" to address any such claimed mail violation. (ECF No. 136, PageID.5095–5096.) *Martin* rejected that contention. 803 F.2d at 243–44 (rejecting "general grievance procedure, unrelated to the mail censorship regulations[,]" where the general procedures "provide inmates with a method of presenting complaints which 'relate to any aspect of institutional life'" which fails to satisfy the standard in *Procunier v. Martinez,* 416 U.S. 396 (1974)) (citation omitted).

Moreover, Defendants contend that the content of the mail, not the form of the mail, dictates a different result in this case. (ECF No. 136, PageID.5098–5101.) But

13

they repeatedly argued that to Judge Morris (*see* ECF No. 117, PageID.1192–1193), so this Court need not consider it again. *See Hawkins v. Detroit Pub. Sch.*, No. 16-10316, 2017 WL 2962876, at *1 (E.D. Mich. July 12, 2017) (a party's objections to an R&R were "ineffective and waived" where they simply repeated arguments from underlying briefing "[i]nstead of attempting to show how and where the Magistrate Judge erred"); *Powers v. Durrani*, No. 18-788, 2020 WL 5526401, at *1 (S.D. Ohio Sept. 15, 2020) ("[O]bjections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court 'as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'") (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Finally, as to Proch's request for declaratory relief, Judge Morris found that the request was not moot because "it appears theoretically possible that a class could yet be certified following this Court's ruling on the instant motion." (ECF No. 133, PageID.5078.) Defendants aver, among other things, that "there is no class certified in this case." (ECF No. 136, PageID.5104.) As described, however, Judge Morris found that it is *possible* that a class *could* be certified—not that there "is" a class certified. (ECF No. 133, PageID.5078.)

Thus, Defendants' objections (ECF No. 136) are overruled.

## IV.

For the reasons above, the Court SUSTAINS IN PART and OVERRULES IN PART Proch's objections (ECF No. 137) and OVERRULES Defendants' objections (ECF No. 136). The Court further ADOPTS IN PART the report and recommendation (ECF No. 133) and GRANTS IN PART and DENIES IN PART the Defendants' motion for summary judgment (ECF No. 117). The due process claim and the declaratory relief request REMAIN in the case, as do the individual defendants as to only the due process claim. And because Defendant D. Fleming was not named in Proch's amended complaint (*see* ECF No. 133, PageID.5054), he is DISMISSED from the case.

IT IS SO ORDERED.

Dated: March 30, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE