UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TAUREAN PROCH,<br><br>Plaintiff,<br><br>v.<br><br>MAT KING et al.,<br><br>Defendants. | Case No. 22-12141<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION [149], OVERRULING DEFENDANTS' OBJECTIONS [154], OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS [155], AND ADOPTING IN PART REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR LEAVE TO FILE SECOND LIMITED MOTION FOR SUMMARY JUDGMENT [153]**

The St. Clair County Jail (SCCJ) implemented a postcard-only mail policy. Mail arriving for inmates at SCCJ on anything but a postcard was destroyed or rejected. And it was destroyed or rejected allegedly without the recipient's ability to challenge that decision. The policy exempted, among other things, legal mail. And inmates at SCCJ had another way to communicate with those on the outside: a jail tablet enabling them to send and receive digital messages for a fee.

Taurean Proch was incarcerated at SCCJ when this policy went into effect. He believed that this postcard-only policy violated the First and Fourteenth Amendments, so he sued St. Clair County, the county sheriff, and three jail employees under 42 U.S.C. § 1983 seeking monetary, declaratory, and injunctive relief. (ECF Nos. 1, 89.) Proch is no longer incarcerated at SCCJ (ECF Nos. 34, 36), but he brings

this suit on behalf of a putative class. (ECF No. 89, PageID.925.) All pretrial matters were referred to Magistrate Judge Patricia T. Morris. (ECF No. 13.) Judge Morris issued a report and recommendation to grant in part and deny in part Defendants' motion for summary judgment. (ECF No. 133.) Proch and Defendants filed objections to that R&R. (ECF Nos. 136, 137.) The Court sustained in part and overruled in part Proch's objections and overruled Defendants' objections. (ECF No. 147.) As a result, the Court granted in part Defendants' motion for summary judgment. (*Id.*) Proch's due process claim and the individual defendants as to that claim remained in the case, as did Proch's request for a declaratory judgment. (*Id.* at PageID.5240.)

Soon after, Defendants filed a motion for reconsideration and a motion for leave to file a second limited motion for summary judgment. (ECF Nos. 149, 150.) The Court addresses each in turn.

**I.**

In federal court, "[m]otions for reconsideration of non-final orders are disfavored." E.D. Mich. LR 7.1(h)(2). They "may be brought only upon the following grounds: (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision; (B) An intervening change in controlling law warrants a different outcome; or (C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." *Id.* "A motion for reconsideration is entrusted to the district court's discretion." *Juhasz v. Dep't of Treasury I.R.S.*, No. 98-75624, 2000 WL 543784, at *1

(E.D. Mich. Jan. 10, 2000) (citations omitted); *see also United States v. Scarborough*, 821 F. App'x 598, 600 (6th Cir. 2020) (reviewing denial of motion for reconsideration for abuse of discretion).

Defendants rely on two purported mistakes.

First, Defendants say there has not been a ruling as to "whether there is a liberty/property interest for mail rejected on form instead of content." (ECF No. 149, PageID.5263.) But Judge Morris "implicitly reached this conclusion in the prior R&R" when she found that "Plaintiff has at minimum established a genuine issue of material fact on the issue of whether he has a liberty or property interest in any mail sent to him, regardless of the reason for rejection." (ECF No. 153, PageID.5305.) In any event, the Court concluded that Proch's due process claim survived Defendants' arguments. (ECF No. 147.) That is, Defendants' argument that even if there is some protected property or liberty interest at issue, they provided adequate process failed to warrant summary judgment on the due process claim. (*Id.* at PageID.5238 ("Defendants contend that Proch's due process claim must fail because, among other things, the jail had a 'universal grievance policy' to address any such claimed mail violation. *Martin* [*v. Kelley*, 803 F.2d 236, 243–44 (6th Cir. 1986)] rejected that contention.") (citing ECF No. 136, PageID.5095–5096).) Thus, Defendants' first ground for reconsideration fails because it would not change the outcome of denying summary judgment on Proch's due process claim.

Defendants' other ground for reconsideration is that the Court erred by finding they "forfeit[ed] their qualified immunity defense." (ECF No. 149, PageID.5266.) The

Court correctly noted that the entirety of Defendants' argument in their summary judgment brief "pertain[ed] to the First Amendment claim, not the due process claim." (ECF No. 147, PageID.5237 (citing ECF No. 117, PageID.1197–1998.) This warranted a forfeiture finding. *See DDLI Logistics, LLC v. Metalsa SA de CV, Metalsa Structural Products, Inc.*, No. 20-11872, 2026 WL 2942712, at *3 (E.D. Mich. Sept. 30, 2026) ("parties forfeit arguments when they do not raise them in their opening briefs") (citing *Golden v. C.I.R.*, 548 F.3d 487, 493 (6th Cir. 2008)). Yet now on reconsideration, Defendants maintain that they raised qualified immunity in general "at the outset of their brief" and "as one of the questions presented." (ECF No. 147, PageID.5267–5268.) That is insufficient to avoid forfeiture. *See K. Petroleum, Inc. v. Hubacek*, No. 25-5759, 2026 WL 1047121, at *5 (6th Cir. Apr. 17, 2026) ("When a party 'mention[s] a possible argument in the most skeletal way,' 'adverts to [it] in a perfunctory manner,' or makes no 'effort at developed argumentation, we consider [it] forfeited.'") (citation omitted).

Perhaps realizing this, and after Proch's response brief highlighted that "Defendants do not argue that they are entitled to qualified immunity for their due process violations" (ECF No. 129, PageID.3563), Defendants turn to arguments made in their reply brief. (ECF No. 149, PageID.5269.) That does not change this result either. *See Stephens v. Nat'l City Corp.*, No. 20-3746, 2021 WL 3027864, at *3 (6th Cir. June 14, 2021) ("arguments raised for the first time in a reply brief are forfeited") (citation omitted). Thus, the Court did not err by concluding that Defendants forfeited the qualified immunity argument as to the due process claim.

Forfeiture aside, "[t]he qualified immunity inquiry has two prongs[,]" a "constitutional violation" prong and a "clearly established" prong. *Cox v. Ruckel*, No. 23-5698, 2025 WL 2603787, at *11 (6th Cir. Sept. 9, 2025). Satisfaction of either prong entitles a defendant to its protection. *White v. Goforth*, No. 22-5409, 2023 WL 3546527, at *3 (6th Cir. May 18, 2023) ("The court must grant qualified immunity if either prong is satisfied.") (citation omitted). Here, as to the "constitutional violation" prong, Defendants acknowledge that Judge Morris "never addressed the argument because it was unnecessary to do so." (ECF No. 149, PageID.5270.) There is no basis to reconsider an issue that was "unnecessary" to a previous ruling. More significant, however, the Court is granting Defendants leave to file a second limited motion for summary judgment as to the "clearly established" prong. Thus, any remaining part of this reconsideration request is moot.

**II.**

So that leads to Defendants' motion for leave to file a second limited motion for summary judgment. (ECF No. 150.) Proch filed a response opposing the motion (ECF No. 151) and Defendants replied (ECF No. 152). Judge Morris issued an R&R to grant the motion. (ECF No. 153.) Proch and Defendants filed objections. (ECF Nos. 154, 155.) For the reasons that follow, Defendants' objections are OVERRULED and Proch's objections are OVERRULED IN PART and SUSTAINED IN PART. As a result, the R&R is ADOPTED IN PART.

**A.**

When a party objects to a magistrate judge's R&R, a district judge reviews the issues raised by the objections *de novo*; there is no obligation to review unobjected-to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012). "The district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). Objections should be "specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Owens v. Comm'r of Soc. Sec.*, No. 12-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013) (explaining that "objections" that simply rehash the arguments presented to and rejected by the magistrate judge "undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources").

**B.**

First, Defendants' objections. (ECF No. 154.) Defendants contend that granting the motion for leave would render the motion for reconsideration unaddressed. (*Id.* at PageID.5319.) They also object "to [a] conclusion offered by the Magistrate Judge as to Defendants' Motion for Reconsideration." (*Id.* at PageID.5320.)

Neither objection is procedurally proper because they revolve around Defendants' motion for reconsideration that was not before Judge Morris. (ECF No. 153, PageID.5303 (Judge Morris explaining that "the motion for reconsideration is before the District Court").) True, the R&R describes both motions as "interrelate[ed]." (*Id.*) But "[b]ecause the motion for reconsideration is before the District Court," Judge Morris explained, "the primary purpose of this R&R is to recommend a course of action on the motion for leave." (*Id.*) Even Defendants acknowledge that reality. (ECF No. 154, PageID.5320 (conceding that the motion for reconsideration "was technically not before the Magistrate Judge").) As a result, the Court need not review these objections. *See NiSource, Inc. v. Factory Mut. Ins. Co.*, No. 20-572, 2021 WL 3721422, at *2 (S.D. Ohio Aug. 23, 2021) ("This Court need not consider objections to a Magistrate Judge's order when the issues underlying those objections were not properly before the Magistrate Judge.") (collecting cases).

Thus, Defendants' objections (ECF No. 154) are overruled.

**C.**

Next, Proch's objections. (ECF No. 155.) His first objection is that Judge Morris "ignored this Court's holding on the merits of the qualified immunity defense." (*Id.* at PageID.5330.) But Judge Morris considered this Court to be "agree[ing] with [Proch] that qualified immunity was not raised, and was therefore forfeited, as to the due process claim." (ECF No. 153, PageID.5308.) That is an accurate description of this Court's primary conclusion. (ECF No. 147, PageID.5236–5237 (outlining forfeiture argument).) Thus, Proch's first objection is without merit.

Proch's second objection is that Judge Morris "erroneously assumed that Defendants' request for a second summary judgment motion covered more than the 'clearly established' prong of qualified immunity." (ECF No. 155, PageID.5331.) Defendants share this point of view. (ECF No. 156, PageID.5340 ("To an extent, Defendants agree with this objection").) This makes sense given that the relief Defendants sought in the motion for leave focused only on the "clearly established" prong. (ECF No. 150, PageID.5283.) Given the parties' agreement, and to the extent the R&R appears to go beyond that request, the Court will sustain this objection.

Finally, Proch's third objection: whether good cause exists to grant the motion for leave. (ECF No. 155, PageID.5334.) The Court understands Proch's position. But "[t]he question of qualified immunity should be resolved as early as possible in litigation." *Ludi v. Maylone*, No. 16-14410, 2017 WL 1476903, at *5 (E.D. Mich. Apr. 25, 2017) (citation omitted). Indeed, "[b]ecause qualified immunity is 'an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial.'") *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Qualified immunity for the individual defendants has not been addressed as to Proch's due process claim in light of the procedural posture of this case. As Judge Morris explained, "[t]he confusion appears to originate from the organization of Defendants' motion for summary judgment." (ECF No. 153, PageID.5307.) As a result, the Court agrees with Judge Morris' conclusion and will exercise its discretion to allow a second limited motion for

summary judgment focused only on the "clearly established" prong of qualified immunity for the individual defendants as to Proch's due process claim.

Thus, Proch's objections (ECF No. 155) are sustained in part and overruled in part.

## III.

For the reasons provided above, Defendants' motion for reconsideration (ECF No. 149) is DENIED. As to Defendants' motion for leave, Defendants' objections to Judge Morris' report and recommendation to grant the motion (ECF No. 154) are OVERRULED and Proch's objections (ECF No. 155) are OVERRULED IN PART and SUSTAINED IN PART. Thus, Judge Morris' report and recommendation (ECF No. 153) is ADOPTED IN PART. As a result, Defendants' motion for leave to file a second limited motion for summary judgment (ECF No. 150) is GRANTED.

In accord with Judge Morris' recommendation for expediated briefing (ECF No. 153, PageID.5300), no later than 21 days after entry of this order, Defendants may file a second limited motion for summary judgment as to the "clearly established" prong of qualified immunity for the individual defendants regarding Proch's due process claim. Proch may respond to the motion no later than 14 days after service of the motion, and Defendants may reply in support of the motion no later than 7 days after service of the response. The opening and response briefs may not exceed ten pages, and the reply, if any, may not exceed five pages. *See* E.D. Mich. LR 7.1(d)(3)(A) (outlining calculation of page limits).

IT IS SO ORDERED.

Dated: October 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE